ABRAHAM BROWN, trustee, *vs.* JOHN MOORE WHITE et al.

Where one of several defendants pays to the plaintiff a certain sum, which he agrees to accept in satisfaction of the judgment, and the defendant paying the money procures an assignment of the judgment to himself, or a third person for his benefit, the payment does not operate as a satisfaction of the judgment as to any of the defendants except the one paying the money, unless it appear that the payment was intended as a satisfaction of the judgment as to them. And the court will not order satisfaction to be entered as to the other defendants.

In error to the Supreme Court.

*Gilchrist* and *Zabriskie,* for plaintiff in error.

*Browning,* for defendant.

The opinion of the court was delivered by

ELMER, J. The question in this case is, whether the transactions fully detailed in the opinion delivered in the Supreme Court, which it is not necessary to repeat, amounted to a payment and satisfaction of the debt. It has long been an established doctrine of the common law, that if two or more persons be jointly, or jointly and severally bound by one obligation or judgment, and the creditor releases to one of them, all are discharged. This is so, because the law makes a release under seal conclusive evidence that the debt was intended to be satisfied.

But it was held by the Supreme Court of this state, in the case of *Crane* v. *Alling,* 3 *Green* 423, in accordance

with the prior authorities, that a covenant not to sue one of two joint debtors, and that if he did sue, then the covenant should be a good bar to the action, did not operate to discharge the debt as to the other. This shows that the remedy to recover a debt may be in effect extinguished as to one joint debtor, and yet remain in full force as to the other. Before a debt is held to be satisfied, it must appear that something was done which the parties in fact intended should satisfy it, or which the law considers to be evidence of such intention.

It has always been held that actual payment of a debt by one joint debtor enures for the benefit of all, and that accord and satisfaction by one will enure to the benefit of the other. But this is so when there is a payment or an accord and satisfaction the parties intended should so operate. No case has been produced, nor are we aware of one, where it has been held that the mere payment of money by a debtor to a creditor operated to discharge a debt, when it appeared that it was not intended to have that effect. In the case of *McIntire* v. *Miller*, 13 *Mees. & Wels.* 728, it was held that one of several partners owing a debt may buy it up, have it assigned to a friend, and collect it in his name. In the language of Baron Parke, " If the debt be kept alive at the time, it cannot be satisfied by the very act which keeps it alive. To construe that as a payment which is meant to be an assignment is a contradiction in terms."

Upon looking at the agreement and receipts, signed by Mr. Vroom as agent for the plaintiff, it is clear that Mr. Robeson did not intend that the debt should be paid and satisfied by the money he advanced, so far as Mr. White was concerned; but that he meant that the judgment should be kept alive as against him, and for that purpose it was assigned to a person he designated. The debt was not in fact paid and satisfied, nor was any instrument executed which the law considers conclusive evidence that it was. What was done was to obtain from the creditor,

in consideration of a sum of money advanced, an agreement that some of the debtors should not be proceeded against nor their property bound.   There was nothing illegal in this, nor was there anything unjust or unfair in regard to Mr. White.   He contributed no part of the money.   The transaction was certainly no more a satisfaction of the debt than what was done in the case of Crane *v.* Alling.   We are not now called on to determine what the equities between Mr. White and Mr. Robeson are, but simply whether what has been done amounted to a legal satisfaction of the judgment.   Being clearly of opinion that it did not, I think the order of the Supreme Court was erroneous, and must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, and Judges BROWN, ELMER, HAINES, VAN DYKE, COMBS, CORNELISON, and WOOD.