## GILSTRAP et. al. v. SMITH.

As against the payee, the maker of a promissory note is not entitled to credit thereon of a sum paid to the payee by one who is a surety on such note, in consideration of his release as surety.

Argued April 16–17, — Decided May 7, 1897.

Equitable petition. . Before Judge Kimsey. White superior court. April term, 1896.

In January, 1889, M. H. Gilstrap and S. G. Martin bought from A. W. Smith a piece of land for the agreed price of $500, for which they gave notes on which J. C. Martin was security. The two first named divided the land between themselves, and Gilstrap paid to Smith $10 in money to be credited on the notes. On April 25, 1890, the security on the notes died, and Blackwell became his administrator in the next August. Thereafter Smith brought suit to recover the remainder of the money due on the notes, and obtained judgment, upon which he collected various amounts. In February, 1892, a fi. fa. from one of the judgments being threatened to be levied on the land, Gilstrap surrendered to Smith his interest therein, upon consideration that a credit of $250 should be made upon the notes, which was done; there being at that time about $60 interest due, less the $10 Gilstrap had paid. In the same year, whether before or after the transaction just mentioned does not distinctly appear, Blackwell, as administrator, proposed to Smith to pay him $100 to release him as administrator from the obligation of the notes and in settlement of the liability of the estate of the security to Smith. The proposition was accepted and the payment made. Neither of the principals in the notes was present when this contract was made. On September 21, 1895, said principals brought their petition against Smith, alleging that the $100 paid by the administrator should have been placed as a credit upon the amounts due on the notes, and praying that out of the same a sufficient amount be applied to the only remaining fi. fa. then outstanding to satisfy the same, and that they have judgment against Smith for the balance. On the trial it was admitted that S. G. Martin had paid all of his $250 and interest thereon, and if under the law Smith was

not bound to credit the $100 paid by the administrator upon the notes or the judgments rendered thereon, then plaintiffs were still indebted to defendant $50 on the fi. fas.; while on the other hand, if Smith was bound to enter the credit as claimed, then he had received about $50 more than the principal and interest due upon the notes. A nonsuit was granted upon the ground, that the evidence showed that the $100 paid by the administrator to Smith was paid for the release of the estate of the security from the obligation of the notes, and not as a credit upon the notes, and that such payment in no way interfered with the obligation of the plaintiffs to pay the full amount upon the notes.

*J. W. H. Underwood* and *H. H. Dean*, for plaintiffs.
*J. B. Estes*, for defendant.

SIMMONS, C. J. We think that the judge did not err in granting a nonsuit. J. C. Martin was surety on the notes. Blackwell, his administrator, proposed to pay Smith, the holder, $100 to be released from his obligation as surety. Smith accepted the money and released Blackwell. The principals claimed that the sum so paid should be placed as a credit on the notes. We think that the payment should not enure to the benefit of the principals. It was not made to satisfy the debt, but was designed only to secure the release of the surety. He was willing to pay that much to be released from his liability on the notes, and the one hundred dollars paid was given in consideration of such release. It was not paid for the benefit of the principals, and they can not compel the holder to place it as a credit on the notes. The holder of a note may compound with the surety thereon without releasing the principal. Civil Code, § 2970 ; 2 Brandt on Suretyship, 484 ; Peer *v.* Keen, 14 Mich. 354. *Judgment affirmed. All the Justices concurring.*