HUBER MANUFACTURING COMPANY, APPELLANT, V. JOHN C. SILVERS ET AL., APPELLEES.

FILED JANUARY 5, 1910. No. 15,883.

Notes: JOINT MAKERS: RELEASE. The unconditional release of one of several makers of a joint and several promissory note, without the consent of the other makers thereof, operates as a release of all.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*George A. Adams,* for appellant.

*Norval Bros., J. J. Thomas* and *Edwin Vail, contra.*

FAWCETT, J.

This action was commenced in the district court for Lancaster county upon five promissory notes, dated June 10, 1903, signed jointly by all three defendants. The defendants each filed a separate answer. Defendant Silvers alleged that "before this action was brought, and after the giving of the several promissory notes mentioned and described in said petition, to wit, on or about August 17, 1903, the said plaintiff for a good and valuable consideration, to wit, the purchase by this answering defendant from the said plaintiff on or about said date one sixteen-horsepower Huber traction engine, and one Huber steam thresher, and other property, released and discharged this answering defendant from the claims and cause of action set forth in its petition filed herein, and thereby this answering defendant was discharged by said plaintiff from the payment of the debts, or notes, mentioned in said petition." Further, "that the several promissory notes mentioned and described in the petition were given by the defendants herein for the purchase by these defendants from said plaintiff of one of the plaintiff's rigs, to wit, one Huber steam thresher separator; and this defendant further avers that the following is a copy of the said release heretofore mentioned and described, to wit: 'The undersigned of this order is to be released without recourse hereafter on the Co's Rig signed by Silvers, Britt and McKenney upon the approval of this order.'" Defendant further averred that he gave plaintiff, on or about August 17, 1903, a written order for the threshing outfit first above set out, and that thereafter the said order was accepted and approved by plaintiff under and in pursuance of said order given by defendant to the company; that plaintiff furnished and delivered to him the threshing outfit above mentioned; "that in pursuance of the said stipulation in said written order above set forth, and the approval thereof by said plaintiff as above set forth, this

answering defendant is released and discharged from the claims or debts sued for in the petition filed herein."

The defendants Britt and McKenney, in their separate answers, each alleged that the notes set out in plaintiff's petition were executed by the three defendants as joint makers, and that the consideration therefor was the joint obligation of all the defendants; "that on or about August 17, 1903, the plaintiff for a good and valuable consideration, and without the knowledge and acquiescence, permission or consent of this answering defendant, released and discharged the codefendant John C. Silvers from all liability on the notes set forth in plaintiff's petition and the consideration for which the same was given; that said release was absolute and unconditional, and that by reason thereof this answering defendant has been and is released and discharged from all liability upon said notes."

The reply alleged that the notes were joint and several notes, and were executed by the defendants to plaintiff for a threshing machine outfit; that on or about August 17, 1903, defendant Silvers came to plaintiff, and represented to plaintiff that he had sold his interest in said threshing outfit to his codefendants Britt and McKenney, and that they had assumed and agreed to pay the notes and debt sued upon, and at that time offered to purchase, or wanted to purchase, of plaintiff another threshing outfit; that plaintiff, relying upon what he said, and believing his statements to be true, and from his statements believing that he had sold his interest in the outfit for which the notes in suit were given, and believing that the defendants Britt and McKenney had agreed with him to assume and pay the notes in suit, "solely relying upon said representations and believing them to be true, sold to him another outfit, and in the order signed by said defendant Silvers for said outfit entered a release in the following language, to wit (the release above quoted); that thereafter the plaintiff was notified by some or all of the defendants that the defendant Silvers had not sold his in-

terest in said outfit to his codefendants herein, and that they had not assumed or agreed to pay the debt sued on herein, whereupon this plaintiff sought and has ever sought to hold all of the defendants liable for the debt sued on herein, and at once notified them that they were not released from liability because of said release secured by the defendant Silvers from this plaintiff. This plaintiff further alleges that it does not know whether said statements were true or false, and it has no means of knowing; that the defendant Silvers says they are true; that the defendants Britt and McKenney say they are not true; but this plaintiff avers and alleges that, if said statements were true, said release was valid and binding and the said defendants Britt and McKenney are liable upon the notes sued on herein; if said statements were not true, then said release was procured by and through the fraud of the said defendant Silvers, and is of no force and effect, and all of the defendants are liable on the notes herein sued upon; and the plaintiff demands that said question be in this case tried and determined as to whether or not said Silvers sold out to his codefendants herein, and whether or not they agreed and assumed to pay said debt; and, when said facts are found, that the law be pronounced upon them, and that this plaintiff have judgment, as in its petition set out, against the parties defendant herein found to be liable under the facts herein alleged."

There was a trial to the court and a jury. When plaintiff had rested, the court directed a verdict in favor of the defendants, and judgment was rendered thereon, from which plaintiff appeals.

Numerous questions of law are discussed as to what could be proved under the reply in this case, etc., but it could serve no good purpose to enter into a discussion of those questions here, for the reason that, under the undisputed evidence, there is no theory upon which plaintiff can recover. There is no dispute but that the notes in suit were signed by all of the defendants as part of the purchase price of a threshing outfit which they had jointly

bought from plaintiff; that some time thereafter, and be-fore any of the notes in suit had matured, defendant Silvers called at plaintiff's place of business in the city of Lincoln and stated to plaintiff's agents that he had sold his interest in the threshing outfit to his cosigners, and that they had agreed to pay the notes; that plaintiff, some two or three days thereafter, sold him another threshing outfit, and in the written contract therefor un-conditionally released him from all liability upon the notes in suit. Conceding every proposition of law con-tended for by plaintiff, it would avail plaintiff nothing, for the reason that the record is barren of proof to aid it in the application of those legal principles. The record before us fails to show whether Silvers had or had not sold his interest to the defendants Britt and McKenney. Plaintiff in its reply says that it has no means of know-ing whether the statements made by Silvers are true or not; and the unfortunate thing for plaintiff is that we are left in the same condition. We have no means of telling from the record before us whether his statements were true or not. The evidence of plaintiff's agent is that the sale of the threshing outfit to Silvers was not made until some two or three days after he had called at their office and made the statements about his having sold his interest to Britt and McKenney. The sale in fact was not consummated until plaintiff sent one of its sales-men to the home of defendant Silvers to close up the deal. During this two or three days' time plaintiff made no inquiry of Britt and McKenney to ascertain whether or not the statements made by Silvers were true. They saw fit to rely entirely upon what Silvers had said; and even after plaintiff's agents learned that Silvers and Britt were having some difficulty over an accounting, so far as the record discloses, they still did not make any inquiry of either Britt or McKenney as to whether or not they had purchased Silvers' interest in the threshing outfit. On all of these important questions the record is pain-fully silent. We use this term advisedly; for it is with

great reluctance that we affirm a judgment which will release these defendants from a just obligation which some of them ought to pay. Common prudence, it seems to us, would have dictated to plaintiff's agents the necessity of their making inquiry of Britt and McKenney before they released Silvers. If they saw fit to refrain from making such inquiry when they had ample time to do so, and plaintiff must now suffer a loss on account thereof, the loss must be charged to their own gross neglect, and not to the well-established rule of law which prevents a recovery in this case. *Lamb v. Gregory,* 12 Neb. 506. Under the evidence offered by plaintiff there was nothing to submit to the jury, and the district court did right in directing a verdict in favor of the defendants.

The judgment of the district court is therefore

AFFIRMED.