## GEORGIA RAILROAD AND BANKING COMPANY *et al. v.* ROY.

Under the facts of this case it was erroneous to grant an interlocutory injunction.

No. 149. NOVEMBER 15, 1917.

Injunction. Before Judge Park. Morgan superior court. January 15, 1917.

*McDaniel & Black* and *Cumming & Harper,* for plaintiffs in error. *Middlebrooks & Pennington* and *Samuel H. Sibley,* contra.

GILBERT, J. A suit was originally filed by Mrs. A. G. Roy, in the city court of Madison, against the defendants in this suit, to recover damages for the homicide of her son. On the trial of the case in the city court, the defendants pleaded a release, and offered a written instrument signed by the plaintiff, reciting that for a stated consideration she released the Empire Cotton Oil Company from any claim incident to the above-stated homicide. The defendants contended that this operated in law as a release of them, under the principle of law that a settlement in full by one joint tort-feasor releases all.

The plaintiff applied to the Empire Cotton Oil Company for a voluntary reformation of the contract, and that company promptly executed an instrument in conformity with the alleged intentions of the parties to the original contract of release, which the plaintiff alleges was a mere agreement not to sue or hold the Empire Company responsible. The contract as thus reformed was duly pleaded in the city court, and the plea was rejected. The case now stands for trial in the city court of Madison. At that stage of the litigation the plaintiff filed an equitable petition in the superior court, seeking (1) To enjoin the defendants from interposing the alleged release as a defense in the city court of Madison. (2) That the release be reformed "as against the railway companies, in accordance with the voluntary reformation thereof

by the Empire Cotton Oil Company." (3) That the controversy pending in the city court of Madison be tried and determined in the superior court of Morgan county; and that plaintiff have a general judgment against the defendants. While the Empire Cotton Oil Company is named as one of the defendants in the equitable petition, no relief of any kind is prayed against that company. The petition specifically alleges that the Empire Company has voluntarily reformed the instrument. The defendants filed demurrers and answers, attacking the petition for failure to state a cause of action. They also denied the jurisdiction of the court, on the ground that neither of the defendants against whom substantial relief is prayed is domiciled in Morgan county, one company having its domicile in Richmond county, and the others being non-residents of the State, with no office or agent in Morgan county.

The primary purpose of the equitable proceeding is to reform the release. Without this it is manifest, and indeed must be conceded, that the suit would be barren and purposeless; for in other respects it can be tried as favorably to the plaintiff in the tribunal first selected as in the last. Without reformation the paper would be as fatal to the recovery in the one court as in the other; and therefore, unless the reformation can be had, there is no basis for the equitable jurisdiction of the superior court. The paper having been voluntarily reformed already in accordance with the original intention of the parties, a court of equity could do no more than has been done. It would be a vain thing for a court of equity to solemnly decree that third parties must do that which has been voluntarily done. A court of equity can not adjudicate what shall be the effect of a contract as to third persons who took no part in executing the same, by decreeing a reformation as to them. The railroad companies were not parties to the alleged release. It is so alleged in the petition. It was a paper executed between the plaintiff and the Empire Cotton Oil Company. Reformation can go no further than to insert what was by mistake omitted, or to strike what was by mistake unintentionally included in the original paper. Therefore there is nothing for a court of equity to do. What effect the change in the contract as made by the plaintiff and the Empire Cotton Oil Company in their voluntary reformation will have upon the other defendants is to be determined upon the trial

of the case. It was error, therefore, for the court to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*