## In re KIMBROUGH–VEASEY CO.

(District Court, N. D. Georgia, E. D. October 20, 1923.)

No. 1487.

1. Release ⬅️28(1)—Effect of release of one of several persons jointly liable stated.

If a technical release be executed by one of several persons jointly liable as original debtors, it destroys the obligation as to all parties; but if the effect of the transaction is a mere agreement or covenant not to sue, there is no discharge of the others, under Civ. Code Ga. 1910, § 4309; but payment so made must be credited as against the other co-obligors.

2. Principal and surety ⬅️185—Subrogation ⬅️7(1)—Rights of surety on paying debt.

If a surety pay anything on the debt, he is instantly invested with a right of action for his reimbursement against the principal, and if he pay all is subrogated to the creditor's position and securities.

3. Payment ⬅️52—Surety can compound with creditor for release, without affecting principal's liability.

A surety may, for a consideration moving from himself, compound with the creditor for his own release, foregoing any right of reimbursement from his principal, and the principal will not be entitled to a credit for what was paid by the surety.

4. Bankruptcy ⬅️325—Creditor held entitled to prove claim, though payment by surety for discharge was with principal's money.

Where creditor was prevailed on to take payment from surety for discharge, not knowing that the debtor had furnished the money, and the principal was to continue liable for the entire debt, the transaction substantially involved misrepresentation of facts, and the debtor was estopped to claim discharge pro tanto, and his trustee in bankruptcy and unsecured creditors cannot complain that the whole claim is permitted to be proved; other money deposited with the surety being returned to the estate.

In Bankruptcy. In the matter of the estate of the Kimbrough-Veasey Company, bankrupt. Judgment of referee on claim of the Palmer-Murphy Company affirmed.

Anderson & Wood, of Madison, Ga., for objectors.
George P. Whitman, of Atlanta, Ga., for Palmer-Murphy Co.

SIBLEY, District Judge. Palmer-Murphy Company, claiming an indebtedness of $1,705 against Kimbrough-Veasey Company, now bankrupt, brought suit and garnished others. To dissolve the garnishment a bond to pay the eventual condemnation money was given by

Kimbrough-Veasey Company with Stoval and Shouse as sureties, $1,500 in money being placed with the sureties to indemnify them against loss. More than four months afterward Kimbrough-Veasey Company informed these sureties that it looked as though the former would be "closed up," and directed them to settle the suit as cheaply as possible and turn back the balance of the money. A settlement was accordingly made in writing, by which, for $750 paid to the creditor, the sureties, Stoval and Shouse, were released, and the claim against Kimbrough-Veasey Company was to stand not credited with the payment. This was ratified by Kimbrough-Veasey Company, to whom the sureties paid back the remaining $750. Palmer-Murphy Company did not know that the $750 paid them was really money of Kimbrough-Veasey Company. A few days later Kimbrough-Veasey Company was put in bankruptcy, and Palmer-Murphy Company was allowed by the referee to prove their claim for $1,705, over the objection of other creditors that the $750 paid should be credited.

[1-3] One of several persons jointly liable as original debtors may purchase his discharge. If a technical release be executed it destroys the obligation as to all; but if the effect of the transaction is a mere agreement or covenant not to sue, there is no discharge of the others. Code Ga. § 4309, Roy v. Railroad & Banking Co., 24 Ga. App. 86, 100 S. E. 46; Kendrick v. O'Neil, 48 Ga. 631. By the weight of authority, however, since the creditor is entitled to but one satisfaction, no matter how many persons may be bound to render it to him, any payment so made must be credited as against the other co-obligors. In the case of a principal and surety, however, though they are for many purposes joint obligors as respects the creditor (Lumpkin v. Calloway, 101 Ga. 226, 28 S. E. 622), as between themselves it is quite otherwise. If the surety pay anything on the debt, he is instantly invested with a right of action for his reimbursement against the principal, and if he pay all is subrogated to the creditor's position and securities. But he may, for a consideration moving from himself, compound with the creditor for his own release, foregoing any right of reimbursement from his principal, and the principal will not be entitled to a credit for what was paid by the surety. Gilstrap v. Smith, 101 Ga. 120, 28 S. E. 608, 65 Am. St. Rep. 290. By this means, if the principal be solvent, it would seem that the creditor may collect more than this debt; but, since the principal in any case should have paid it all, either to his creditor or his surety, he is in no position to complain at an arrangement which has cost him nothing. If any one could complain, it would be the creditors of the surety, if he were insolvent, in that his right of reimbursement against the principal had substantially been given away to the creditor.

[4] But in this case, while in form the transaction was of the sort just described, and believed by the creditor to be purely such, in fact the surety paid nothing, and the principal furnished the consideration for the surety's release. Had the creditor known this fact, without question he must have credited the payment as against other creditors of the insolvent principal. But here, if not by direct, certainly by indirect, representation of the surety, approved and ratified by the principal, to

the effect that the $750 was paid by the surety, and that in consequence the full debt could be agreed to stand and take its chance against the principal, the creditor was induced to release a solvent surety, and with him a $1,500 fund, which, though unknown to the creditor, also stood as security for the debt. 32 Cyc. 140. Perhaps the creditor might have sought relief by repudiating the transaction for fraud, but he has elected to stand upon it. I think he is entitled to do so. He has, in reliance upon a transaction, substantially involving misrepresentation of fact, which was participated in knowingly by the principal, altered his position to his detriment, and as against this principal is entitled to claim an estoppel to deny that the situation was as represented. The trustee and unsecured creditors are privies since the fraud, and are bound equally by it. The creditors, indeed, are not injured, because the debt was really secured by the $1,500 deposited with the surety, and they have the benefit, or can obtain it, of the $750 returned to the principal by the surety. They cannot have this benefit, and attack the transaction from which it arose.

The referee's judgment is affirmed.