### ELMENDORF v. HEATLEY et al.

No. 28308. June 14, 1938.

Wilson & Wilson, for plaintiff in error.

Reily & Reily, for defendant in error.

PER CURIAM. Plaintiff, A. G. Elmendorf, filed an action against the defendants, S. M. Kidd et al., to foreclose a real estate mortgage covering the following described premises situated in Pottawatomie county, Okla., to wit:

"The northwest quarter of the northwest quarter and the east half of the northwest quarter of section twenty-three (23) and the southwest quarter of the southwest

quarter of section fourteen (14), township six (6) north, range two (2) east."

The original note and mortgage to secure the payment of the same were executed by J. W. Heatley and Ellen Heatley and plaintiff became the owner thereof by assignment. The defendant S. M. Kidd purchased a portion of the premises set out in the original mortgage and was made a party defendant on the theory that he assumed and agreed to pay the same. The court refused to enter a personal judgment for the plaintiff against S. M. Kidd, and from the order refusing judgment plaintiff appeals.

The parties will be referred to as plaintiff and defendant, meaning A. G. Elmendorf and S. M. Kidd except where a more specific reference is made necessary by the facts.

In his answer the defendant admitted that on the 4th day of April, 1921, he bought a portion of the premises; that he joined in an extension agreement with S. P. Larsh, Dora E. Larsh, W. L. Fleet, and Mary E. Fleet October 9, 1924, and admits that George E. Gerken became the owner and holder of the note and mortgage. He alleges that on the 10th day of December, 1934, the defendants W. L. Fleet, Mary E. Fleet, S. P. Larsh, and Dora E. Larsh paid George E Gerken $1,437.50, and the said George E. Gerken in consideration thereof released the said above-named parties, and therefore George E. Gerken, the then holder of the note, released the said S. M. Kidd from any liability as a matter of law. Defendant specifically denies that the plaintiff was the owner and holder in due course, but alleges that the plaintiff became the owner and holder long after the execution of the release.

On the 4th day of September, 1920, J. W. Heatley and Ellen Heatley executed a mortgage on the 160 acres involved in the foreclosure proceedings. This mortgage was assigned to Fannie E. Klock on September 20, 1920, and by her assigned to George E. Gerken on the 18th day of September, 1933; and thereafter assigned to A. G. Elmendorf on May 21, 1935. On October 1, 1930, S. P. Larsh, Dora E. Larsh, W. L. Fleet, and Mary E. Fleet joined with S. M. Kidd and executed an extension agreement. On the 10th day of December, 1934, George E. Gerken, while owner and holder of the said mortgage, executed a partial release, by which agreement S. P. Larsh, Dora E. Larsh, W. L. Fleet, and Mary E. Fleet were released on payment of $1.437.50.

By a deed dated April 14, 1921, S. M Kidd was transferred the ownership and title to the following described property:

"The east half (½) of the northwest quarter (¼) of section twenty-three (23) in township six (6) north, range two (2) east of the Indian Meridian, containing eighty acres more or less according to government survey thereof."

In this deed he assumed and agreed to pay the mortgage.

The liability of the promisee, S. M. Kidd, in the deed when he assumed and agreed to pay this mortgage was several and the debt remaining unpaid, his situation was not changed by a simple renewal. Whether an obligation is joint is not determined by whether all the parties are equally liable for an indebtedness. All may be equally liable to pay the same debt and not be jointly liable. One of the ordinary tests is whether the evidence of the indebtedness is created at one time in a common source. Crane v. Alling, 15 N. J. L. 423. J. E. Heatley created this obligation. It remains unchanged until paid. Lincoln Nat. Life Ins. Co. v. Rider, 171 Okla. 262, 42 P.2d 842. In selling the land to the defendant S. M. Kidd, Heatley created himself a liability which was several in nature, for he could have required S. M. Kidd to pay all or none of said obligation. When Heatley made the conveyance of the remaining 80 acres to the other defendants, he created another several obligation and could have required them to pay all or none of such indebtedness.

Thereafter the defendant S. M. Kidd entered into an extension agreement. We think the sole question is whether this extension agreement changed the nature of his liability from a several liability to a joint liability. We hold that it did not. Lincoln National Life Ins. Co. v. Rider, supra. By the very terms of the agreement it extended the former indebtedness. Plaintiff relies upon North Pac. Pub. Serv. Co. v. Clark (Wash.) 52 P.2d 1255, and Shriver v Carlin & Fulton, 155 Md. 51, 141 Atl. 434, 58 A. L. R. 767, and North Pacific Mortgage Co. v. Krewson, 129 Wash. 239, 224 P. 566, note, page 53 A. L. R. 1420. Plaintiff contends that the rule announced therein is a more modern rule, and that the cases hold that a joint obligor is not released where the instrument provides for a partial payment or reserves the right to proceed against the remaining obligors.

Defendant relies upon Huber Mfg. Co. v. Silvers, 85 Neb. 760, 124 N. W. 148, 133 Am. St. Rep. 689 At the conclusion of that case is a note citing Yates v. Donaldson, 5 Md.

389, 61 Am. Dec. 283; Hale v. Spaulding, 145 Mass. 482, 1 Am. St. Rep. 475, and therein it is stated:

"The release of one joint promisor releases the others, except where the remedy against them is reserved; Yates v. Donaldson, 5 Md. 389, 61 Am. Dec. 283; Hale v. Spaulding, 145 Mass. 482, 1 Am. St. Rep. 475. However, where a release of one of two joint debtors expressly provides that it shall not affect or impair the claim of the creditor against the other debtor, the latter is not discharged thereby. The equitable rule which now prevails gives a release operation according to the intention of the parties and the justice of the case. Whittemore v. Judd L. & S. Oil Co., 124 N. Y. 565, 21 Am. St. Rep. 708."

Defendant relies upon North Pacific Mortgage Co. v. Krewson, supra, as an authority for his position, and the plaintiff states that the Washington court thereafter changed its holding in North Pacific Mortgage Co. v. Krewson, supra, in the case of North Pacific Pub. Ser. Co. v. Clark, 52 P.2d 1255.

There is respectable authority for this so-called "modern rule," but we think the basis of this judgment is in error, for the reason that the mortgage indebtedness of the defendant Kidd remained always as it was on his assumption of the mortgage on the 4th day of April, 1921. North Pac. Public Ser. Co. v. Clark, supra; Lincoln Nat. Life Ins. Co. v. Rider, supra.

In Lincoln Nat. Life Ins. Co. v. Rider, supra, we said:

"A mortgage secures a debt or obligation, and not the evidence of it, and no change in the form of evidence, or in the mode or time of payment, can operate to discharge the mortgage. So long as the debt secured remains unpaid, neither the renewal nor substitution of the evidence of the debt will impair the lien of the mortgage."

We think the court erred as a matter of law, in holding that the defendant S. M. Kidd was released. The judgment is reversed and remanded, with directions to vacate the judgment in so far as it releases the defendant S. M. Kidd from personal liability and to enter a judgment for the plaintiff and against the defendant S. M. Kidd personally.

BAYLESS, V. C. J. and RILEY, CORN, GIBSON, and HURST, JJ., concur.