AUSTIN-WESTERN ROAD MACH. CO. *v.* JOHN A. SPENCER, INC.

(Division A. Jan. 29, 1940.)

[193 So. 336. No. 34009.]

**R. H.** and **J. H. Thompson,** of Jackson, for appellant.

**L. Barrett Jones**, of Jackson, for appellee.

390

**Anderson, J.,** delivered the opinion of the court.

The question in this case is whether an accord and satisfaction between a principal and surety, by the terms of which the former accepts an amount smaller than the sum claimed, discharges the principal for the balance. The case is here on the pleadings alone. The trial court held that the discharge of the surety from further liability discharged the principal.

Appellee was engaged in highway construction in the

State of Arkansas. It was required to and did execute a bond to the highway commission of that state, conditioned to faithfully perform the work undertaken, and, in addition, to pay and discharge all claims incurred by it for labor and materials used in the work, for the recovery of which those furnishing such labor and materials were given a right of action on the bond. Appellee executed the bond required with the United States Fidelity & Guaranty Company as surety.

The declaration alleged that in the progress of the work, appellee became indebted to appellant in the sum of $2,132.71 for necessary repairs on road machinery leased by the latter to the former; that appellant made demand on both appellee and its surety for the payment of said amount, which was refused; that thereupon appellant compromised and settled the claim so far as the surety was concerned, giving a receipt therefor in this language: "Received of United States Fidelity and Guaranty Company, surety upon the bond of John A. Spencer, Inc., for the performance of contract with the Arkansas State Highway Commission, known as FAP 24 C. & E. Deshe and Drew Counties, Arkansas, the sum of Eighteen Hundred Seventy Dollars and 15/100 in full of settlement and satisfaction of all claims and demands upon said bond."

The declaration alleged that there was left a balance due appellant of $1,066.37 for which it sued appellee, along with a reasonable attorney's fee as provided for in the lease contract. The lease agreement and surety bond were made exhibits to the pleadings. On demurrer the trial court rendered a judgment for appellee, from which judgment appellant prosecutes this appeal.

Appellant's contention is that the release of the surety did not discharge the principal for the balance of its claim, and bases such contention both on Section 2027 of the Code of 1930, and the common law. We leave out of view the Code section because we have reached the conclusion that appellant's position is sustained by the

common law. A creditor may release a surety without in any way affecting his right to hold the principal liable for any unpaid balance. 21 Ruling Case Law, page 1049, sections 93 and 94; 50 C. J., page 191, paragraph 322.

State v. Story, 57 Miss. 738, has no application. It was held in that case (quoting the syllabus): "Accord and Satisfaction. Joint creditors. Settlement with one. Accord and satisfaction with the nominal plaintiff in a disputed judgment, who is one of the users therein, bars an action for the amount of the judgment by the other usees." The accord and satisfaction in that case was with a joint creditor, while the settlement in the present case was not with a joint creditor, but with the surety of the creditor.

Reversed and remanded.