HOBSON, Justice.
Early in January, 1954, appellant (hereinafter called “plaintiff”), a corporate real estate broker, filed an amended complaint in Action No. 29,816, in the Circuit Court for Dade County, naming as defendants Harry Mufson, Harry Toffel, Chester Krone, Morris Landsburgh, Daniel Lifter and Robert Levy. This complaint was in three counts. The first count alleged in essence that Mufson and Toffel desired to *853 sell some stock in a hotel corporation, and agreed to pay plaintiff a fee of $150,000 to find a purchaser, whereupon plaintiff produced as purchasers Krone, Landsburgh, Lifter and Levy, who were ready to and did purchase the stock at a price and on terms named by the sellers, that the purchasers “orally guaranteed” to the plaintiff that the broker’s commission would be paid to plaintiff on consummation of the transaction, and that no part of same had been paid. The second count alleged that defendants were indebted to the plaintiff. Each of the first two counts concluded with a demand for $150,000, plus interest and costs. The third count alleged that both sellers and purchasers (all were named) unlawfully conspired to defraud the plaintiff by depriving it of the brokerage commission to which it was entitled, in the amount of $150,000, and punitive damages of $50,000 were also demanded, making the total ad damnum $200,000 for the third count.
On January 22, 1954, for consideration, a general release was executed by the plaintiff, forever discharging Krone, Lands-burgh, Lifter and Levy from all claims against them. Mufson and Toffel were not included nor mentioned in the release, which stated in part, “This is not an acknowledgment of receipt of any portion of the broker’s commission to which the undersigned believe they are rightfully entitled.” On the day the release was executed, a notice of dismissal of the cause “without prejudice” was served and apparently filed.
On January 25, 1954, a new action, No. 29,995-F, was commenced in the Dade County Circuit Court by the plaintiff against Mufson and Toffel, and one Ben Caffina. Toffel was not served. After a motion to dismiss was granted, with leave to amend, plaintiff on March 15, 1954 filed, against the same three defendants, an amended complaint which is now before us. This amended complaint was in two counts, which were in substance identical with the first two counts of the complaint in Action No. 29,816, above described, except that Caffina was added as a seller and all reference to Krone, Landsburgh, Lifter and Levy and their “oral guarantee” was eliminated. The conspiracy count was omitted.
Defendants Mufson and Caffina pleaded the release and the previous action. The trial court dismissed the action as to Muf-son, with prejudice, on the ground that it was barred by the release, but denied the motion to dismiss as to Caffina, and ordered him to answer. This is the order from which plaintiff has appealed. Mufson is the only appellee.
The basic question is whether the described release had the effect of discharging Mufson from the liability asserted against him in the second suit. Certainly he could not now be proceeded against in tort, because the release discharged the liability asserted against him as a joint tort-feasor in the third count of the original complaint. The only substantial point in the case relates to the contract count, which we do not believe to have been tied to the conspiracy count so inseparably as to fall with it. Mufson was alleged to have entered a contract with the plaintiff, which plaintiff duly performed and Mufson allegedly breached. When the sale was consummated, the buyers were alleged to have “orally guaranteed” payment to the plaintiff, and this purported contract of guaranty is common to the first two counts of the complaint in the first action. The exact nature of this alleged contract is of the utmost importance to the case. If it was a contract whereby both buyers and sellers became primarily jointly liable to the plaintiff for the full amount of the commission, the release would bar the present claim absolutely, under the familiar principle, adhered to by the great majority of the courts, that a release of one joint contract obligor releases all. Bozeman v. State Bank, 7 Ark. 328, 46 Am.Dec. 291; Benjamin v. McConnel, 4 Gilman 536, 9 Ill. 536, 46 Am.Dec. 474; Fox v. Hudson’s Ex’x, 150 Ky. 115, 150 S.W. 49, Ann.Cas. 1914A, 832; Allin v. Shadburne’s Ex’r, 1 *854 Dana, Ky., 68, 25 Am.Dec. 121; Baldwin v. Gray, 4 Mart.,N.S., La., 192, 16 Am.Dec. 169; Yates v. Donaldson, 5 Md. 389, 61 Am.Dec. 283; Hale v. Spaulding, 145 Mass. 482, 14 N.E. 534, 1 Am.St.Rep. 475; Huber Mfg. Co. v. Silvers, 85 Neb. 760, 124 N.W. 148, 133 Am.St.Rep. 689; Brown v. White, 29 N.J.L. 514, 80 Am.Dec. 226; Whittemore v. Judd Linseed & Sperm Oil Co., 124 N.Y. 565, 27 N.E. 244, 21 Am.St.Rep. 708; Spencer v. Williams, 2 Vt. 209, 19 Am.Dec. 711; North Pacific Mortg. Co. v. Krewson, 129 Wash. 239, 224 P. 566, 53 A.L.R. 1416; McCord-Brady Co. v. Mills, 8 Wyo. 258, 56 P. 1003, 46 L.R.A. 737; 45 Am.Jur., Release, § 33. If, however, the contractual obligation of the purchasers was actually one of guaranty, so that they became only secondarily liable their release would not discharge the primary liability of the sellers. Indeed, even the release of a surety does not discharge the principal debtor. City of New Orleans v. Gaines, Adm’r (City of New Orleans v. Whitney) 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102; Gilstrap v. Smith, 101 Ga. 120, 28 S.E. 608, 65 Am.St.Rep. 290; Nashua Sav. Bank v. Abbott, 181 Mass. 531, 63 N.E. 1058, 92 Am.St.Rep. 430; Austin-Western Road Mach. Co. v. John A. Spencer, Inc., 187 Miss. 388, 193 So. 336; Coleman v. Beck, 142 Neb. 13, 5 N.W.2d 104; Farmers’ & Mechanics’ Bank v. Rathbone, 26 Vt. 19, 58 Am.Dec. 200; 50 Am.Jur., Suretyship, § 102.
Examining the first two counts of the amended complaint in the original action, we think that a contract of guaranty on the part of the purchasers was attempted to be alleged, and under our liberal system of pleading we think the allegations were sufficient for the purpose, albeit only barely so. It follows that as the case stands at present, it must be reversed for further proceedings not inconsistent herewith. Assuming, however, that the plaintiff is able to prove the allegations of his present complaint, it will be a complete defense to the action if defendants can prove that the released purchasers, or any of them, became primarily liable for the broker’s commission jointly with, or in lieu of, the sellers, in accordance with the rules we have stated above.
Reversed and remanded.
MATHEWS, C. J., and TERRELL, THOMAS and ROBERTS, JJ., concur.