## 44737. SEABOARD CONSTRUCTION COMPANY v. CLIFTON, by Next Friend.

HALL, Presiding Judge. The defendant in a negligence case appeals an order denying its motion for summary judgment which was certified for review. In its pleadings, the defendant alleged that the plaintiff (a minor) was precluded from recovery because of a release given in 1960 by the guardian of the plaintiff's property to one Amerson, a joint tortfeasor, and approved by the court of ordinary. The release acknowledged payment for the injuries received by the plaintiff in the collision described in the petition. In response to a request for admission, the plaintiff by and through her father as next friend admitted that a release had been executed through a mutual mistake of the parties but that in 1962 it had been reformed by the parties into a covenant not to sue which the parties thereto had in truth and in fact intended to make in the first instance. The plaintiff amended her petition by attaching the reformed agreement plus the order of the court of ordinary approving the same. There being no dispute as to the execution of the reformed agreement alleged in the plaintiff's petition, the only question on summary judgment was whether this agreement was void as a matter of law.

In our opinion, the trial judge was correct in denying the defendant's motion under the authority of *Roy v. Ga. R. & Bkg. Co,.* 24 Ga. App. 86, 90 (100 SE 46): "A covenant not to sue one jointly liable will not serve to release any one other than the one with whom the covenant not to sue is entered into. Where by accident, mistake, or fraud a writing does not speak the truth, it may be reformed and corrected so that it may be made to speak the truth. In this case the defendants may introduce in evidence the original writing as well as such other evidence as may be competent by way of attack on the reformed and alleged corrected covenant not to sue, and it is for the jury to say, under appropriate instructions

from the court, whether the plaintiff in fact did release as pleaded by the defendant, or whether she merely entered into a covenant not to sue." See also Code §§ 37-204, 37-205 and 37-207; Greenfield v. Aetna Cas. &c. Co., 75 Ohio App. 122 (61 NE2d 226).

The contention that while the writing could be reformed in equity, it cannot be reformed by the original parties to the agreement, is answered by the Supreme Court in Ga. R. & Bkg. Co. v. Roy, 147 Ga. 349, 350 (94 SE 218). There the court deemed equitable relief unnecessary, reasoning that "the paper having been voluntarily reformed already in accordance with the original intention of the parties, a court of equity could do no more than has been done. It would be a vain thing for a court of equity to solemnly decree that third parties must do that which has been voluntarily done." As to what effect the voluntary reformation by the original parties will have upon the defendant, the Supreme Court also said that this "is to be determined upon the trial of the case," quoted by this court in Roy v. Ga. R. & Bkg. Co., 24 Ga. App. 86, 90, supra.

This being the law where both contracting parties are sui juris, it would be incongruous to hold otherwise where one of the parties to the agreement was a minor. The fact that the court of ordinary approved the original agreement setting forth a release would not prevent that court from later approving the voluntary reformation of the agreement into a covenant not to sue. Guardians are authorized to compromise all contested or doubtful claims for or against the wards they represent. Code § 49-219. Any application by a guardian to a court of ordinary for an order to compromise a claim is made out of an abundance of precaution because it is the duty of that court to protect the infant's substantial rights. Campbell v. Atlanta Coach Co., 58 Ga. App. 824 (200 SE 203); Carroll v. Atlantic Steel Co., 151 Ga. 378 (106 SE 908, 15 ALR 660). The court of ordinary, by approving the voluntary reformation merely fulfilled its duty in this regard.

Judgment affirmed. Bell, C. J., Eberhardt, Pannell, Deen and Evans, JJ., concur. Jordan, P. J., Quillian and Whitman, JJ., dissent.

ARGUED SEPTEMBER 9, 1969—DECIDED JANUARY 12, 1970—REHEARING DENIED FEBRUARY 24, 1970—

*Conyers, Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr.,* for appellant.

*Alaimo & Taylor, James A. Bishop, Anthony A. Alaimo, Dennis Pierce,* for appellee.

JORDAN, Presiding Judge, dissenting. The evidence is uncontradicted that in March, 1960, some 5½ months after the injury to plaintiff's ward, a full release for valuable consideration was entered into between plaintiff and the Amersons; that at such time both parties were represented by able counsel, and that the release was approved by the court of ordinary. The document was clear, precise, distinct and phrased in the legal language of a general release relating to *all* claims arising from the accident in which plaintiff's ward was injured. The legal effect of this document without question extinguished any claim that plaintiff might have had against the defendant in this case, Seaboard Construction Company, an alleged joint tortfeasor. *Edmondson v. Hancock,* 40 Ga. App. 587 (151 SE 114) and cases cited; *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287). Thus the defendant was the beneficiary of a valuable interest arising from the legal effect of this release.

This situation existed until December 29, 1962, about 3 years later, when an agreement was entered into between plaintiff and the Amersons, the original parties to the release, which set forth that the plaintiff and her ward, "upon learning of the *legal effect* of the execution and delivery of a release, instead of a covenant not to sue" requested the Amersons to enter into a reformation of the document. The agreement then stated that the original paper, "notwithstanding its terms and recitals to the contrary, is and shall be considered as a covenant not to sue." By a nunc pro tunc order dated June 29, 1966, the court of ordinary approved this agreement effective as of the date of its execution on December 29, 1962.

In my opinion this attempted voluntary reformation and approval nunc pro tunc by the court of ordinary could not convert the release into a covenant not to sue, thereby making

this defendant liable to suit where prior thereto it was immune under the terms of the release.

In *Roy v. Ga. R. & Bkg. Co.*, 24 Ga. App. 86, supra, the only case cited and relied upon in the opinion, it was alleged that at the time the original document was entered into it was not considered that the Empire Oil Company was liable, but that it was the purpose of the company to pay plaintiff a "sum in the nature of a gratuity." There is no dispute here as to the fact that a *release* was entered into based on liability and that the purpose of the consideration paid was to extinguish such liability, thus distinguishing this case from the *Roy* case. In this case it is not claimed that the execution of the release was the result of accident, fraud or mistake of fact or law, but only that one of the parties later learned of the *legal effect* of a release as opposed to a covenant not to sue. It is hornbook law that ignorance of the law excuses no one. *Code* § 102-105. It is also clear that such a release is binding upon the parties and cannot be set aside except for fraud, misrepresentation, undue influence or other similar act. *James v. Tarpley*, 209 Ga. 421 (73 SE2d 188).

*Code* § 37-204 provides that "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscionable advantage to the other, may be relieved in equity."

Thus it would appear that equity, and equity alone, can relieve where there is a mistake as to the legal effect of a clear, unambiguous legal document and that third parties having a beneficial interest in such instrument would be entitled to be made parties in such a proceeding.

The defendant company, having proved the execution of a release which made it immune to suit, was entitled to summary judgment absent a showing that said release had been set aside or reformed according to law.

I am authorized to state that Judges Quillian and Whitman concur in this dissent.