A93A0033. SPENCER v. SOUTHTRUST BANK OF ATLANTA.
(430 SE2d 853)

Judge John W. Sognier.

Appellee-plaintiff made a loan to appellant-defendant which was evidenced by a promissory note. A written guaranty of appellant's note was executed by Goulding Place Developers, Inc. (Goulding) and, as security for its guaranty, Goulding gave a security deed to its real property. Thereafter, appellant defaulted on his note and Goulding defaulted on its guaranty. Pursuant to the power of sale in the security deed, appellee foreclosed on Goulding's property. The proceeds from the foreclosure sale were not sufficient to cover the entire unpaid balance due on appellant's note. Although appellee did not

seek confirmation of the foreclosure sale, it initiated the instant action to recover the remaining unpaid balance from appellant. Cross-motions for summary judgment were filed as to whether the lack of confirmation of the foreclosure sale was a bar to the action. The trial court held that it would not bar the instant action and granted summary judgment in favor of appellee. Appellant appeals from this order of the trial court.

The confirmation statute, OCGA § 44-14-161, "is in derogation of the common law and must be strictly construed. [Cits.]" *First Nat. Bank & Trust Co. v. Kunes*, 128 Ga. App. 565, 566 (1) (197 SE2d 446), aff'd, 230 Ga. 888 (199 SE2d 776) (1973). The purpose of this statute "is to protect *debtors* from *deficiency judgments* when the forced sale of *their* property brings less than the fair market value. [Cit.]" (Emphasis supplied.) *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 530 (1) (398 SE2d 817) (1990). " 'A deficiency judgment is the "imposition of personal liability on [the] mortgagor for [the] unpaid balance of [the] *mortgage debt* after foreclosure has failed to yield [the] full amount of [the] due debt." (Cit.)' [Cit.]" *C. K. C., Inc. v. Free*, 196 Ga. App. 280, 282 (2) (395 SE2d 666) (1990).

Appellant and Goulding are debtors as to appellee. However, appellant is not a mortgagor as to the property which appellee sold at the foreclosure sale. The real property was owned by Goulding and the security deed was given to secure Goulding's guaranty. Enforcement of the guaranty as between appellee and Goulding would have no bearing on appellant's personal liability to appellee on his note. Under OCGA § 10-7-20, appellee "may release or compound with [Goulding] without releasing" appellant. "To 'compound' . . . is 'to compromise, to effect a composition, to obtain discharge from a debt by the payment of a smaller sum.' " *Williams-Thompson Co. v. Williams*, 10 Ga. App. 251, 253 (4) (73 SE 409) (1912). By foreclosing on the property and failing to obtain confirmation, appellee may have compounded with Goulding and released Goulding from further liability on its guaranty. However, the foreclosure and failure to obtain confirmation did not release appellant from further liability on his note. "The holder of a note may compound with the surety thereon without releasing the principal. [Cits.]" *Gilstrap v. Smith*, 101 Ga. 120, 121 (28 SE 608) (1897).

Goulding is the mortgagor of the property which was sold at the foreclosure sale and the foreclosure sale was conducted as the result of Goulding's default on its guaranty. Under these circumstances, enforcement of appellant's personal liability on the note would not result in a "deficiency judgment" against him. The instant action is merely a suit on a note after appellee, in its capacity as creditor, has compounded with Goulding, in its capacity as guarantor. It follows that the trial court correctly granted summary judgment in favor of

appellee.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

· DECIDED APRIL 14, 1993 —
RECONSIDERATION DENIED APRIL 28, 1993

*Peterson, Dillard, Young, Self & Asselin, Steven L. Polk, Frank L. Wilson III, James M. LaChance*, for appellant.

*Kitchens, Kelley & Gaynes, Mark A. Kelley*, for appellee.