## DONALDSON v. CARMICHAEL.

1. In a suit against two as joint wrong-doers, to recover damages for injuries occasioned by falling into a cellar which one had caused the other to have excavated on his lot, it was error in the court to refuse to admit in evidence, save only for the purpose of being considered as an admission of the extent of her injury, a receipt signed by the plaintiff in which she acknowledged having received from one of the defendants against whom the action had been dismissed a sum of money in full settlement for all damages sustained, there being no objection to admitting the receipt because this defendant had not pleaded a discharge, and the court holding that the plea could not be amended so as to make the receipt admissible to show such discharge.

2. A receipt for a given sum of money from one of two wrong-doers jointly sued, "in full settlement for all damages or injuries sustained or suffered by me, or that may result to me by reason of my fall into the excavation," etc., when unexplained, is evidence of a satisfaction for all injuries so sustained, and will operate to discharge not only the one making payment, but the other; and where the two were jointly sued for the same negligent act, and the action was dismissed as to one of them, it was error, in the trial against the other, to charge that the jury could only consider the receipt in the nature of an admission as to the extent of the injury.

Argued June 29, — Decided July 27, 1897.

Action for damages. Before Judge Berry. City court of Atlanta. January term, 1897.

*Rosser & Carter*, for plaintiff in error.
*George Westmoreland*, contra.

LITTLE, J. Carmichael brought her action against the plaintiff in error, and the Atlanta Lodge No. 14 of the Independent Order of Odd Fellows, jointly, to recover damages for personal injuries alleged to have been sustained by reason of falling into a cellar in the city of Atlanta, which the defendant Lodge of Odd Fellows was having dug on its lot by defendant Donaldson. It appears that, prior to the trial, the plaintiff in open court dis-

missed her action as to the I. O. O. F. Lodge No. 14, and the case proceeded against the defendant Donaldson alone.

1. In the trial of the case, a receipt signed by the plaintiff was offered in evidence by the defendant, which was in the following words and figures: "Received of Atlanta Lodge No. 14, I. O. O. F., the sum of seventy-five dollars in full settlement for all damages or injuries sustained or suffered by me, or that may result to me by reason of my fall into the excavation made for their new hall at the corner of Marietta street and Bass avenue, in Fulton county, Ga., May 25, 1892." The court ruled that such a settlement would not be an answer to the present suit, and that he would let the receipt in evidence only as tending to show an admission as to the extent of the injuries sustained. One of the grounds of the motion for a new trial, which was overruled, alleges this ruling to be error. It is difficult for us to conceive under what principle of law this receipt should be restricted so as only to be evidence of the extent of the injuries sustained. Defendant and another were claimed by the plaintiff to be jointly liable to her for certain injuries which she sustained by the gross negligence of the defendants in making a deep excavation in or near the sidewalk of a public street, into which she fell and was injured. This was her case as she made it. The receipt was an acknowledgment by her that she had been paid a sum of money by one of the defendants, in full satisfaction of her injuries. It was either good to show this fact, or good for nothing. If there was any mistake in the terms of the receipt, any fraud in procuring her to sign, or if it did not express the contract of the parties by reason of accident, it was nevertheless admissible, subject to any lawful attack or explanation which might be made concerning it; and admissible too as evidence of accord and satisfaction of the damages sustained and for which the action was brought, the effect of which would be explained by the court to the jury trying the case; and if the pleadings were not broad enough to admit the evidence, the defendant should have been allowed to amend his plea or answer so as to cover its admission.

2. It is made a ground of the motion for a new trial, that

the court erred in charging: "A receipt has been put in evidence.    You may consider that only in the nature of an admission as to the extent of the injury." This was error. The receipt in question contained an acknowledgment that the plaintiff had been paid, by one of the persons charged in the original petition as a joint tort-feasor, a sum of money which was accepted in *full settlement* for *all* damages suffered or sustained by the plaintiff by reason of her fall into the excavation.    Damages are given as compensation for the injury done.    Civil Code, § 3905.    The universal and cardinal principle is, that the person injured shall receive a compensation commensurate with his loss or injury, and no more.    1 Sutherland on Damages, p. 27.    This rule of course will be understood as not intended to embrace cases in which punitive or vindictive damages may be awarded, but as stating primarily the main object for which damages are awarded.    The cause of action is the *damage* occasioned by the wrongful or negligent act of the defendant; if the act be done without damage, there is no injury to compensate; hence there can be no recovery.    If there was damage by such act and the amount of such damage has been agreed on and paid, then it has been compensated. Although one be damaged by the joint act of two persons, there is but one injury; and if that is satisfied, the party injured is placed in as near his normal condition as the law can place him.    There can be no double recovery of the amount of damage which one has sustained.    It would be as reasonable to ask to recover from one defendant twice the amount of the damage sustained, as it is to ask from each of two defendants payment of the full amount of such damage even when the cause of action is good against both.    The plaintiff is entitled to only one satisfaction; and if the manner of releasing one involves satisfaction in whole or in part of the claim, it will enure to the discharge, pro tanto, of all who are liable (98 N. Y. 412; 44 Barb. (N. Y.) 347; 50 Wis. 138); and if a party injured accept satisfaction from one of several joint tort-feasors, that is a bar as to all.    Cooley on Torts (2d ed.), p. 161.    In a case where the plaintiff in an action against several tort-feasors executed to one of them a release under seal, acknowledging full

satisfaction for the tort, but reserving his claim against the others, it was held that the release enured to the benefit of all the defendants, and that the reservation was inoperative. All the cases, both English and American, maintain the doctrine that satisfaction from one joint tort-feasor, whether received before or after recovery, extinguishes the right as against the others. The plaintiff is not entitled to receive more than one satisfaction for and in respect of the same injury. As was said by the court in Lovejoy *v.* Murray, 3 Wall. 1, when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damage. See also 24 American Reports, 506, citing numerous authorities. Even if separate suits are brought against several who are guilty of a joint trespass, while each is liable for what has been done and may be separately pursued to final judgment, the plaintiff may elect which of the separate judgments he will enforce, but having received his damage recovered against any one, and his costs against all, he must be content with that; otherwise, he must receive more than one satisfaction for his injury. 31 Conn. 453; 1 Johns. 290; 8 Cowen, 111; 3 Conn. 214; see also to same effect, 25 Hun (N.Y.), 543; 57 Cal. 270; 15 Texas, 198; 3 Allen, 474. It is useless, however, to multiply authorities on these questions about which there has been little or no conflict.

The receipt offered is an acknowledgment by the plaintiff that she has received full satisfaction for all damage she has sustained by falling into the excavation which was made on the street, as she alleges in her petition, by the defendant and the Lodge of Odd Fellows unlawfully. It shows on its face that this satisfaction was by the payment of a sum of money by one of the joint tort-feasors, and accepted in full settlement of the damage sustained. It should have been admitted for all the purposes it could serve. If it is what it purports to be, it will bar her right of recovery against the present defendant in this action.

*Judgment reversed.    All the Justices concurring.*