*juries due to nonrepair of common way.* Where a three-story tenement building was provided with rear porches on each story connecting with each other by stairways and used as a common way by the tenants of the second and third stories, *held* that the fact that part of the second-story porch upon which the accident to the plaintiff occurred by reason of the defective condition of such porch a few feet away from the stair opening was in the exclusive control and possession of the tenant of the second story would not relieve the owner of the building from liability because of such defective condition, in an action by an occupant of the third story to recover damages for injuries sustained by reason of such condition.

3. LANDLORD AND TENANT, § 258*—*when evidence sufficient to show notice by landlord of defective condition of porch.* Evidence *held* sufficient to warrant the finding that defendant had notice of the defective condition of a certain plank in a porch, by reason of which plaintiff was injured, or by the exercise of reasonable care could have had such notice, in an action against a landlord to recover damages for such injuries.

---

## Stavros Petroyeanis, Appellant, v. A. B. Pirola et al., Appellees.

### Gen. No. 22,733.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Stavros Petroyeanis, complainant, against A. B. Pirola and others, defendants, in the nature of a creditor's bill to discover assets and apply same upon a certain judgment in favor of complainant against the A. B. Pirola Company, defendant, and Chicago Railways Company. From a decree dismissing the bill for want of equity, upon demurrer, complainant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The bill alleged that on May 2, 1914, the complainant had recovered a judgment against the Chicago Railways Company and the A. B. Pirola Company for the sum of $5,000; that the Chicago Railways Company prosecuted an appeal from this judgment to this court; that while the appeal was pending, on April 10, 1915, the complainant and the Chicago Railways Company entered into an agreement, which was entitled "Covenant not to sue." This agreement provided, in substance, that in consideration of the payment by the Chicago Railways Company to the complainant of the sum of $3,000, the complainant agreed to take no action, either in law or equity, or to prosecute any writ of execution to obtain satisfaction of said judgment from the Chicago Railways Company, in any form or manner whatsoever; and in this instrument the complainant agreed to be forever precluded "from asserting any right against the said Chicago Railways Company he may have heretofore had to prosecute and collect his said claim for personal injuries to the undersigned against it." It was alleged in the bill that the $3,000 referred to was received by the complainant; that an execution was issued upon the judgment and a demand made by the sheriff upon the A. B. Pirola Company for the amount of the judgment; that the execution was returned "no part satisfied"; that there is still due the complainant on said judgment the sum of $2,000; and that the judgment was the result of an action brought by the complainant against the defendants because of an accident which resulted in injuries to him on January 11, 1912.

EMERY S. WALKER and CLYDE O. HORNBAKER, for appellant; ISRAEL COWEN, of counsel.

FRED W. MAYER, for appellees; ERNEST SEVERY, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. RELEASE, § 21*—*what is effect of settlement of claim by one joint tort feasor.* Where a claimant has a valid existing claim against several joint tort feasors, any one of such joint tort feasors may, by agreement with such claimant, purchase his peace without affecting the right of such claimant to bring an action against all of the others against whom such action may lie.

2. RELEASE, § 22*—*what is theory upon which "covenants not to sue" contracts have been held valid.* The theory upon which "covenants not to sue" contracts have been held valid is that there is existing a claim, the assertion of which might cause annoyance or expense to one of several against whom such claim is made.

3. RELEASE, § 22*—*what does not constitute covenant not to sue.* Where, pending an appeal from a judgment against two defendants in an action in tort, one of such defendants received from the plaintiff in such action, in consideration of a certain sum paid by such defendant, an agreement by the plaintiff to take no action in law or equity or prosecute any writ of execution on such judgment to obtain satisfaction thereof from such defendant, *held* that such agreement was not a "covenant not to sue" but was a release and payment of the judgment as against both defendants, notwithstanding such was not the intention of the parties as expressed in such agreement.

4. CONTRIBUTION, § 1*—*when right of does not exist.* There can be no contribution between joint tort feasors.

5. RELEASE, § 21*—*when release of one joint tort feasor inures to benefit of others.* A release of liability of one joint tort feasor will inure to the benefit of the others, either before or after suit is brought and pending judgment or after judgment has been entered, where tortious conduct is made the basis of a claim or action.

6. CREDITORS' SUIT, § 48*—*what bill against one of two judgment debtors should show.* A creditor's bill filed against one of two judgment debtors in an action in tort should show affirmatively why the judgment was not or is not enforceable against both debtors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.