## Gilkey v. Montag.

*W. H. Martin*, for plaintiff.

*John H. Wilson* and *Zeno F. Henninger*, for defendant and respondent.

CAMPBELL, P. J., April 5, 1930.—This is a proceeding on a writ of *scire facias* under the Act of April 10, 1929, P. L. 479. Plaintiff has pending an action of trespass against defendant to recover damages for personal injuries incurred in an automobile accident, alleging that defendant's negligence was the proximate cause of her injuries.

The statement of claim sets forth that plaintiff was a guest of one Charlotte R. Marburger in the latter's automobile being operated by her; that defendant, operating his automobile in a negligent, etc., manner upon a highway in a direction opposite to the direction of the Marburger car, while passing several cars going in the same direction as his (defendant's) car, ran onto his left side of the road and directly towards the Marburger car; that in order to avoid a collision with defendant's car, Mrs. Marburger was forced off the improved portion of the highway, striking a telephone pole located along the side thereof; and that as a result thereof plaintiff was injured. No affidavit of defense has been filed. Defendant filed his præcipe directing the prothonotary to issue a writ of *scire facias* under the Act of 1929 "to bring upon the record, as additional defendant, Charlotte R. Marburger, whom the defendant alleges is severally liable with him, if any liability exists to the plaintiff, for the cause of action declared on in this case, to the extent of the whole of the amount which may be recovered therein against him, for the reason that he is not liable to the plaintiff in any event; if any liability exists, it is the liability of Charlotte R. Marburger, for the reason that her neglect caused the accident complained of by the plaintiff in this proceedings and for the reason Charlotte R. Marburger is thus liable."

The writ issued in due course and was served upon respondent, who answered, denying all liability for the cause of action declared upon either to plaintiff or defendant; admitting that she operated the car in which plaintiff was riding at the time of the accident; affirming that her car was operated in a lawful, peaceable and proper manner; and alleging that the accident and resultant injuries complained of by plaintiff were caused wholly by the negligence of defendant, and setting forth the manner of the happening of the accident substantially as it is set out in the statement of claim. No replication has been filed.

The Act of 1929 is as follows:

"An Act to regulate procedure where a defendant desires to have joined as additional defendants persons whom he alleges are liable over to him, or jointly or severally liable with him, for the cause of action declared on.

"Section 1. Be it enacted, etc., that any defendant, named in any action, may sue out, as of course, a writ of *scire facias* to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued, and such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

This act was passed by the Legislature at the instance of the Pennsylvania Bar Association, having been drawn and presented to that association by its Civil Law Committee in a report which states that "the statute recommended . . . is purely procedural and will have no effect upon existing rules of substantive law. Its object is to enable a defendant to join in any action all parties who are liable to or with him on that cause of action. . . . In tort, it would cover all cases where indemnity or contribution is allowed, but, being

procedural, would not, of itself, extend the effect of the latter doctrine" (34th Annual Report of Pennsylvania Bar Association, pages 42, 43). "In construing it [Act of April 10, 1929, P. L. 479], two things are plainly apparent: (1) The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff; and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part. Hence, the statute is to be liberally construed to advance the legislative purpose [citing cases]. (2) Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them, the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named. . . . The statute says it applies to 'any action,' and this, of course, includes actions of trespass:" Vinnacombe v. Philadelphia et al., 297 Pa. 564, 569.

It follows from the statute itself and the above-stated interpretation that two questions are here involved: (1) The sufficiency of the procedure followed; and (2) the liability of the additional defendant to the original defendant in the event of a judgment against the latter on the cause of action declared upon; a liability by the former either over to the latter or jointly or severally with him.

1. The act is not limited to actions in which the original defendant confesses a liability, but requires him to allege only that the additional defendant is liable over to him or jointly or severally liable with him, which, of course, means in the event that a judgment is recovered against him. In the Vinnacombe case, the Supreme Court has set out a form of præcipe for the *sci. fa.* to be followed, including a statement of the reason why defendant claims that the additional defendant is thus liable, and gives an illustration for several types of cases, adding that "the præcipe at this point must set forth the actual facts upon which defendant bases his claim regarding the liability of the additional defendant or defendants to him." These are rules laid down for our guidance which must be followed.

In the præcipe for the *sci. fa.* in this case, the reason why defendant claims that the additional defendant is thus liable is defective. It states the reason to be that *(a)* defendant is not liable to the plaintiff in any event; and *(b)* if any liability exists, it is that of Charlotte R. Marburger, for the reason that her neglect caused the accident. Inasmuch as the adding of Mrs. Marburger as a defendant "will give no higher right to plaintiff(s) than he (they) had before, and the action proceeds against [Montag] only, exactly as it would have done if the additional defendants(s) had not been named" (Vinnacombe v. Philadelphia, *supra),* the non-liability of Montag would defeat any rights in this action to recover from Marburger. The præcipe, while containing the allegation or conclusion that the additional defendant is severally liable with the original defendant as to the whole amount of the claim, gives no reason which would tend to support the allegation. Indeed, the reasons given negative the allegation. For this reason the application of the original defendant must be denied. He has failed to make out a *prima facie* case.

2. This is not a case of alleged primary liability of the additional defendant, such as in the Vinnacombe case, nor of the application of the doctrine of *respondeat superior,* as in the case of Goldman v. Mitchell-Fletcher Co., *infra;* Armstrong County v. Clarion County, *infra,* and Horbach's Admin'rs v. Elder, *infra;* nor of an alleged liability on a contract, but is based upon the

right of enforcing contribution between two joint tortfeasors on a judgment entered upon a verdict or verdicts based upon a finding that the personal negligence of each contributed to the injury suffered.

The plaintiff had a right to sue either Montag or Marburger individually or to sue them jointly. If in the action brought, as it now stands, a judgment should be obtained against Montag and he would have the right to require contribution from Marburger on proof that her negligence contributed to the accident, then he would have a right to bring her in as an additional defendant through this *scire facias* proceedings. If he would not have such right of enforcing contribution upon proof of her contributing negligence, then his right to bring her upon the record as a defendant in these proceedings must be denied.

In Goldman v. Mitchell-Fletcher Co. and Phila. R. T. Co., 285 Pa. 116 and 288 Pa. 102, an action in trespass for personal injuries, a verdict was returned and judgment entered on proof of injuries to minor plaintiff while a passenger on a street car of the latter defendant operated by its servant, resulting from a collision between the street car and a wagon drawn by a team of horses owned by the first named defendant and driven by its servant. In Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, the right of contribution between the two defendants in the case last above cited was sustained under its facts, but at the end of the opinion the court made it clear that it was not laying down a general rule that contribution exists as between joint tortfeasors in negligence cases, but was leaving other cases to be decided as they might arise.

The rule that there can be no contribution between wrongdoers has many exceptions, and the case of Goldman v. Mitchell-Fletcher Co., *supra*, is authority that an exception exists as between tortfeasors where the tort is due to negligence, and the contribution is demanded on the principle of *respondeat superior*. Such were the principles involved in the two Pennsylvania cases cited as sustaining the judgment in the Goldman case, i. e., Armstrong County v. Clarion County, 66 Pa. 218, and Horbach's Admin'rs v. Elder, 18 Pa. 33, the latter of which also involved the exception to the general rule that contribution may be enforced between partners for the tort of their servant.

The cases from other jurisdictions are in irreconcilable conflict as to whether or not the general rule applies in negligence cases, but the Goldman case and the other two Pennsylvania cases above cited are authority that the general rule will not necessarily apply because the case is one of negligence, but that under some circumstances a negligence case comes within the exception.

In the Goldman case many rules are cited with approval from text-books and cited cases for determining whether or not the rule applies. Those having a bearing on this case may be summarized as follows: (A)· The rule applies and there can be no contribution: (a) In cases where there has been an intentional violation of law or the wrongdoer knew, or is to be presumed to have known, that the act was unlawful or the circumstances were such as to render ignorance of the illegality inexcusable (292 Pa. 358, 359, 362); (b) it applies only between parties who, by concert of action, intentionally committed the wrong complained of (page 363); (c) the act must be *malum in se*, that is, actual fraud or voluntary wrong (page 358); (d) the test is · whether plaintiff at the time of the commission of the act knew that it was wrongful (page 365); (e) it applies only to cases where persons have engaged together in doing wantonly and knowingly a wrong (page 365).

*(B)* The rule does not apply and contribution may be enforced: *(a)* in cases of quasi torts not involving moral turpitude or personal fault or knowingly a wrong (page 365); *(b)* where the acts are not obviously unlawful or the parties are not presumed to have known that they were doing any wrong (page 358); *(c)* where there is not personal participation, personal culpability or personal knowledge, but the liability is one of law growing out of the relationship (page 358); *(d)* even though the person has actually participated in the wrong, if he is not presumed to have known that he was doing a wrongful act, or if the act was not in itself illegal (page 359); *(e)* where the persons do not by concert of action intentionally commit the wrong (page 363); *(f)* the rule does not apply to torts which are the result of mere negligence in carrying on a lawful business (page 365); *(g)* it is immaterial whether the negligence was of the two defendants personally or through their agent (citing case of Ankeny *v.* Moffat [37 Minn. 109], in which the negligence was that of the joint contractor of the defendants involving no illegal act), since in neither one was there any intentional wrong; in the one case it would be mere negligence in doing a lawful act, and in the other case there would be no personal fault whatever on their part (page 365).

These rules are somewhat conflicting when applied to the facts of this case. What are its facts? While in the determination of the right to bring in an additional defendant the facts of the statement of claim are not to be taken as verity against the original defendant, yet a *prima facie* case of his right to require contribution should appear from the pleadings. In this case, in the absence of an affidavit of defense or of any statement in the præcipe for *sci. fa.* which would even tend to show a different state of facts than those set up in the statement of claim, it may be assumed that the defendant, Montag, in overtaking several cars, turned out to pass them and in so doing met the Marburger car and the accident followed from that situation. Montag was bound by the provisions of the law which prohibited the passing of overtaken vehicles unless he had a clear view of the left side of the road, free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety, and if he was approaching a curve or the crest of a grade, unless he had a clear view, free of such traffic, for 300 feet ahead: Act of May 1, 1929, § 1008 *(a)* and *(b)*, P. L. 905. Under the situation set forth in the statement of claim, with no other facts set up anywhere on the record, Montag's act was more than negligence; it was unlawful or illegal, and he is presumed to have had knowledge thereof, and the act was one of voluntary wrong. There was personal participation, personal culpability and personal knowledge. "The excessive rate of speed at which an automobile is driven is a product of the will of its driver and not the result of mere inattention or negligence:" Com. *v.* Coccodralli, 74 Pa. Superior Ct. 324, 327. With greater force does this conclusion apply to the passing of overtaken vehicles, which is fraught with exceedingly greater danger to others who are upon the highway than is operating at excessive speed. The original defendant, Montag, has failed to make out a *prima facie* case sustaining a right in him to enforce contribution from Marburger (whom he seeks to bring in upon this record as an additional defendant) in the event of his suffering a judgment against him in this case.

In other jurisdictions we find sustaining the right of contribution in negligence cases such as Mitchell *v.* Raymond (Wis., 1923), 195 N. W. Repr. 855 (collision between two automobiles, each operated by one of the two defendants; injury to guest); Underwriters *v.* Smith (Minn., 1926), 208 N. W. Repr. 13 (same situation as in the case just cited); Hobbs *v.* Hurley (Me.,

1918), 104 Atl. Repr. 815 (automobile accident; involves doctrine of *respondeat superior*); First Nat. Bank *v.* Avery Planter Co. (Neb.), 95 N. W. Repr. 622; 111 Am. St. Reps. 541 (attachment); Acheson *v.* Miller (Ohio), 59 Am. Dec. 663 (attachment); Furbeck *v.* Gevurtz (Ore., 1914), 143 Pac. Repr. 654 (building material on street permitted by ordinance, concurrent negligence in manner of placement and of operation of wagon of another injured the plaintiff; contribution allowed because act not intentional and no presumption of knowledge of illegality).

Cases denying the right are Union Stock Yards Co. *v.* Chicago, etc., R. R. Co. (1905), 196 U. S. 217 (defendant delivered defective car to plaintiff which failed to inspect); Adams *v.* White Bus Line (Cal., 1921), 195 Pac. Repr. 389; Wise *v.* Berger (Conn., 1925), 130 Atl. Repr. 76 (collision of automobiles); Central, etc., R. R. Co. *v.* Macon, etc., Co. (Ga.), 71 S. E. Repr. 1076 (concurrent negligence of two corporations resulting in death of employee of plaintiff by electric shock from wire of defendant); Chicago Rys. Co. *v.* Conway Co., 219 Ill. App. 220; Petroyeanis *v.* Pirola, 205 Ill. App. 310; Illinois Central R. R. Co. *v.* Louisville Bridge Co. (Ky., 1916), 188 S. W. Repr. 476; Churchill *v.* Holt, 131 Mass. 67, cited in 2 Ann. Cases, 529 (plaintiff left hatchway to his lot unguarded; danger increased by defendant's servant); Gale Lumber Co. *v.* Bush (Mass., 1917), 116 N. E. Repr. 480; Village of Portland *v.* Citizens' Telephone Co. (Mich., 1919), 173 N. W. Repr. 382 (defendant's wires sagged and wore off insulation on plaintiff's electric wires, resulting in accident); Flenner *v.* Southwest Mo. R. R. Co. (Mo., 1927), 290 S. W. Repr. 78 (collision of train and motor bus); Torpy *v.* Johnson (Neb., 1895), 62 N. W. Repr. 253 (furnishing liquor by licensed saloonkeeper to habitual drunkard; test is whether plaintiff knew the act to be unlawful); White *v.* Carolina Realty Co. (N. C., 1921), 109 S. E. Repr. 564 (automobile collision injuring guest); Public Service Ry. Co. *v.* Matteucci (N. J., 1928), 143 Atl. Repr. 221; Fedden *v.* Brooklyn Eastern Dist. Terminal, 199 N. Y. Supp. 9, 204 N. Y. (App. Div) 741); Consol. Kansas City Smelting Co. *v.* Binkley (Tex.), 99 S. W. Repr. 181 (plaintiff maintained a pipe over the roadbed of a railroad, which injured a servant of the latter); Norfolk Southern R. R. Co. *v.* Beskin (Va., 1924), 125 S. E. Repr. 678 (collision between train of plaintiff and automobile of defendant operated by him, injuring defendant's guest; judgment against plaintiff); City of Tacoma *v.* Bonnell (Wash., 1911), 118 Pac. Repr. 642, Annotated Cases, 1913 B, 934 (plaintiff negligent in maintaining electric wires, defendant in permitting plank to fall on wires, resulting in death of third person).

In her answer to the *sci. fa.*, Charlotte R. Marburger also objects to being brought upon the record as an additional defendant because the plaintiff in her statement of claim sets forth that she (Marburger) was operating her car in a careful and lawful manner and because she has no liability either jointly with said defendant or severally. These reasons would not defeat the right of the original defendant to bring her upon the record in this proceedings.

For the reasons above stated, the original defendant, Franklin E. Montag, is not entitled to bring in Charlotte R. Marburger as an additional defendant.

*Order of court.*

And now, April 5, 1930, judgment is entered for Charlotte R. Marburger on the *scire facias* to bring her upon the record as additional defendant, and bill of exceptions is sealed for the original defendant, Franklin E. Montag.