## 32091.  MOORE *v.* SMITH.

DECIDED NOVEMBER 17, 1948.

*Claude Driver, Willis Smith,* for plaintiff in error.
*Don Howe, Emmett Smith,* contra.

MacIntyre, P. J.  Clarence Smith, the defendant in error, filed an action for personal injury damages and medical and hospital expenses accruing to him as a result of an automobile accident of which he was the victim on March 18, 1947, naming as joint defendants Mrs. Thelma Odessa Stevens, a resident of California, Billie Lee Moore, the plaintiff in error, and J. C. Parrish, as the principal of Billie Lee Moore and owner of the car which Moore was driving at the time of the accident, and alleging that the accident was due to the negligence of Mrs. Stevens and of Moore. Prior to the trial the plaintiff by amendment struck from the suit the name of Mrs. Stevens as a party defendant.  The trial was had on September 19, 1947, in the City Court of Carrollton and resulted in a verdict against the defendant Moore, but in favor of the defendant Parrish, and judgment was entered in accordance therewith.  Billie Lee Moore filed a motion for a new trial and an amendment thereto, which motion after a hearing was overruled, to which judgment he excepted.

■ The first ground of the amendment to the motion for a new trial alleged as grounds therefor the discovery of new evidence in the case which if it had been known at the time of the trial would have been a bar to the recovery of the plaintiff against the defendant Moore and attached thereto was the joint affidavit of Moore and his counsel alleging that in the exercise of ordinary diligence they could not have discovered the evidence.  It appears from this ground that on August 29, 1947, the plaintiff executed an instrument which was made a part of the motion and which was as hereafter appears.

"Georgia, Fulton County.

    "For and in consideration of the sum of Twelve Hundred Fifty & No/100 ($1250.00) dollars, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, we do hereby agree and covenant not to institute any suit or action at law or at equity against Thelma Odessa Stevens and Lewis A. Stevens by reason of any claim which we now have or which we may have had or which we may hereafter have against the said Thelma Odessa Stevens and Lewis A. Stevens by reason of any personal injury or property damage sustained by us on or about the 18th day of March, 1947,

growing out of a collision between a 1941 Chevrolet automobile operated by said Clarence Smith, with a 1939 Chevrolet Coach operated by Mrs. Thelma Odessa Stevens, and a 1939 Ford Sedan operated by Billie Lee Moore, said collision taking place on the above mentioned date in Haralson County on U. S. Highway No. 78 approximately one mile east of Bremen, Georgia.

"It witness whereof, we have hereunto set our hands and affixed our seals, this the 29th day of August, 1947." The instrument was signed and sealed by Mrs. Mozelle Smith and Clarence Smith and was notarized.

It is true, as contended by the plaintiff in error, that there can be but one satisfaction of the same damage or injury; and that, if, instead of merely dismissing his suit against one of two defendants sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he can not by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such case the claim itself becomes extinguished. *Donaldson* v. *Carmichael*, 102 *Ga.* 40 (2), 42, 43 (29 S. E. 135) ; *Griffin Hosiery Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789) ; *Caplan* v. *Caplan*, 62 *Ga. App.* 577 (9 S. E. 2d, 96). However, there is a decided difference between the consequence of an accord and satisfaction, or release of one of the defendants, and that of a mere covenant not to sue one of the defendants.

"Section [20-909] of our Code is as follows: 'A covenant never to sue is *equivalent* to a release; so, also, a bond to indemnify a debtor against his *own debt.*' It is noticeable that this section does not say that a covenant not to sue or to indemnify one against his own debt *is* a release, but that it is *equivalent* to a release. It is noticeable also, that the latter clause of the section says, against his *own debt*, and does not say against his liability on a debt on which he is liable, jointly with others. And this language is very significant, for it is precisely the language of the common law. The doctrine that a covenant not to sue or a bond to indemnify one against his own debt is equivalent to a release, is found in Bacon's Abridgment, Release (*a*), and is a familiar doctrine to every student of the old books. But the decisions are, so far as I can find, uniform

that this doctrine does not, in any case, apply where the covenant refers to a debt on which the covenantee is not liable alone, but is liable jointly or severally with others. In Lucy *v*. Knyaston, 2 Sackield, 575; 1 Lord Raymond, 688, the court, after laying down, in strong terms, that a covenant of A not to sue a debt he has against B, or to indemnify B against such debt is equivalent to a release, says: 'Because *then* one should precisely recover the same damages that he suffered by the other bringing the suit. A is bound to B, and B covenants never to put the bond in suit against A; if, after, B will sue A on the bond, he may plead the covenant as a release. But if A and B be jointly and severally bound in a bond to C in a sum certain, and C covenants with A not to sue him, that shall not be a release, but a covenant only; because he covenants only not to sue A, but does not covenant not to sue B for the covenant is not a release in its nature, but only by construction to avoid circuity of action. For when he covenants not to sue *one* he still has a remedy, and then it shall be construed as a covenant, and no more.' . . 'The application of the principle in that case not only prevents circuity of action, but falls in with the clear intent of the parties, but in a case like the present, it is impossible to contend that by a covenant not to sue the defendant, (B) it was the intention of the covenantors not to sue the plaintiff (the other partner) who was able to pay what his partner might be deficient in. It would have been easier and a shorter method to have given a release than to make this covenant. The only reason for adopting this course was that they did not choose to execute a release to the defendant, because that would have also operated as a release to the other partner, whereas they considered that a bare covenant not to sue the defendant would not extend to his partner; as, therefore, the terms of the covenant do not require such a construction, (that it is a release) and as it would manifestly be against the intent of the parties, we are decidedly of the opinion that it ought not to be permitted so to operate.' " *Kendrick* v. *O'Neil*, 48 *Ga.* 631, 634.

Judge Sibley, In re Kimbrough-Veasey Co. (D. C. N. D. Ga., 1923) 292 Fed. 757, recognized the distinction between the two as follows: "If a technical release be executed by one of several persons jointly liable as original debtors, it destroys the

obligation as to all the parties; but if the effect of the transaction is a mere agreement or covenant not to sue, there is no discharge of the others . . but payment so made must be credited as against the other co-obligors." However, in the present case there is not even an obligation to credit the payment so made against the debt because, "except in cases where the liability is solely joint, it is the plaintiff's privilege to voluntarily dismiss his action as to one and proceed to trial against the other (*City of Atlanta* v. *Anderson,* 90 *Ga.* 481, 16 S. E. 209), or at any time before the verdict he may disclaim a right to recover against one and insist upon a verdict against the other." *Griffin Hosiery Mills* v. *United Hosiery Mills,* supra, and cit. See also *Southern Ry. Co.* v. *Rome,* 179 *Ga.* 449, 452 (176 S. E. 7). Therefore, since judgment was never entered against the joint tortfeasors, the debt never became joint and there is no obligation to credit the payment so made by one of the joint wrongdoers against the recovery had from the other wrongdoer.

The plaintiff in error relies upon *Roy* v. *Georgia R. & Bkg. Co.,* 24 *Ga. App.* 86 (100 S. E. 46), where it was again stated that a covenant not to sue one jointly liable will not serve to release anyone other than the one with whom the covenant not to sue is entered into (p. 90), as authority for the proposition that it is for the jury to say whether the instrument was a covenant not to sue or a release and that a new trial should have been granted for this reason. However, it will be noted that in that case the covenantor first executed an absolute release, which was later reformed into a covenant not to sue, so that the original intent of the parties to the covenant remained a question for the jury; whereas, in the instant case, as a matter of law the clear and only import of the only instrument shown to have been executed was merely a promise not to sue, and there is no evidence of an intent of either party that the instrument should be construed as a release. The judge therefore did not err in refusing a new trial on this ground.

The remaining contention of the amendment to the motion for a new trial is that the court erred in failing to charge the jury "that if they believed from the evidence that the plaintiff was injured (if he was injured) on account of misfortune or accident, and that the defendant was free from fault that

the defendant would not be liable and it would be their duty to return a verdict in favor of the defendant."

The court here charged: "You will look to the evidence and determine, gentlemen, whether or not under the allegations of the petition the plaintiff by a preponderance of testimony has shown that the defendant Billie Lee Moore was negligent in one or more of the manners specified in the petition. If he was not, that would end your investigation and plaintiff could not recover." The substance of this portion of the charge was again given later in the charge.

"If the substantial law covering the issues made by the pleadings and evidence is given in charge, and more specific instructions are desired by either party, appropriate requests for that purpose should be made. Where the presiding judge charged that if the defendant was not guilty of negligence causing the injury, the plaintiff could not recover, an omission to charge, without request, that if the injury resulted from accident there could be no recovery, was not such a failure to charge in regard to a distinct substantive defense as will require the grant of a new trial." *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559 (4), 563 (64 S. E. 680). See also *Black & White Cab Co.* v. *Cowden*, 64 *Ga. App.* 477 (4), 480 (13 S. E. 2d, 724).

In this case the evidence was contradictory, but the verdict was authorized by some of the evidence. The trial judge, having overruled the motion for a new trial, and no error of law appearing which requires reversal, this court has no discretion in the matter of granting a new trial on the general grounds. *Wilson* v. *Barnard*, 10 *Ga. App.* 98, 99 (8) (72 S. E. 943); *Jackson* v. *State*, 56 *Ga. App.* 392 (1) (192 S. E. 630).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*