**PETROLEUM CARRIER CORPORA·
TION, Appellant,**

v.

**Hattie CARTER and Bessie Threatt,
Appellees.**

**No. 15775.**

United States Court of Appeals
Fifth Circuit.

May 18, 1956.

John G. Kennedy, Jr., Savannah, Ga., Kennedy & Sognier, Savannah, Ga., for appellant.

James P. Mozingo, III, Darlington, S. C., Sidney S. Tison, Jr., Hartsville, S. C., H. Alva Brumfield, Baton Rouge, La., Tison & Tison, Hartsville, S. C., for appellees.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The suits from the judgments in which this appeal comes were filed in the Superior Court of Long County, Georgia, and thence removed to the United States District Court. While the cases were tried together, separate judgments were entered on separate verdicts of juries awarding to the plaintiff in each case damages for the death of her son in an automobile collision, resulting from the negligence of defendant-appellant.

Stating that the record contains a great abundance of errors, of which it does not seek review, and that the errors of which it seeks review are so glaring and so basic that complaint of anything else is wasteful, appellant thus prefaces its discussion of the three errors [1] it assigns:

"The case of appellees against appellant simply has no basis whatso-

---

[1] (1) The court erred in assuming jurisdiction over appellant, a non-resident corporation with no agent in Long County, and overruling appellant's motion to dismiss and for a directed verdict.

(2) The court erred in ruling that the appellant's negligence was a proximate cause of appellees' damage by overruling appellant's motion to dismiss and for a directed verdict.

(3) The court erred in holding appellees could release Slade and then continue against appellant by overruling appellant's motions to dismiss and for a directed verdict.

ever... The proven negligence shored up with every possible advantage is nothing more than pure sham. Admitting it to be true, it did not and could not have possibly proximately caused the damage complained of. Moreover, appellees settled and fully satisfied their claim during the trial, which trial was, in fact, an attempted adjudication of the rights of a party over which the court had no jurisdiction."

For the reasons hereafter briefly stated, we cannot agree with these views. Indeed, we think the assignments are without merit and that in the state of the record the first two are unsubstantial, if not frivolous.

■ Invoking in support of its jurisdictional point the established principle that in a removal case the federal court's jurisdiction is derived from, and depends upon, the jurisdiction of the state court, and citing Georgia statutes and decisions dealing with jurisdiction and venue in Georgia courts, appellant insists that, though the Superior Court of Long County, where it had an agent, admittedly had jurisdiction of the subject matter of the suit, it did not have jurisdiction of the person of the defendant. Admitting that appellant was properly served in Fulton County, appellant concedes that the Superior Court of that county would have had jurisdiction over its person. Admitting, too, that Georgia Code Annotated, § 68–801 allows a non-resident motorist to be sued in the county where the accident took place, here Long County, appellant yet contends that in the state of the pleading and proof, it cannot be held that defendant was subject to suit thereunder.

Appellees point out: that the Non-Resident Motorist Act was enacted for the purpose of designating some person within the State of Georgia upon whom service could be had in the event of an automobile accident arising out of the use of its highways; that, use of the highways is the equivalent of the appointment of the Secretary of State; and that, in addition, appellant had designated the Secretary and he was served, American Fidelity & Casualty Co. v. Farmer, 77 Ga.App. 166, 48 S.E.2d 122. They insist too, that there was jurisdiction over appellant's co-defendant as a non-resident motorist with venue in Long County, Georgia, Ga.Code, § 68–803, as to him; and that in Georgia joint tort-feasors may be sued jointly in the county where any of them may be, Albany Coca Cola Bottling Co. v. Shiver, 63 Ga. App. 755, 12 S.E.2d 114. Finally they invoke the Non-Resident Motorist Act, § 68–803, providing that all suits relating to the use of highways of this state shall be brought in the county in which the cause of action originated.

■ We think it plain that on this record there is no basis for this claim of error and that it must be rejected out of hand.

■■ Appellant's second point, that plaintiffs settled with and released Slade, its joint tort-feasor, during the trial and thereby terminated plaintiffs' claim against appellant, is on this record, no more substantial. It is true that a release of the cause of action as to one joint tort-feasor will ordinarily be held to release and terminate the cause of action as to the others. It is equally well settled, however, that where, as here plaintiffs, in consideration of an amount paid by one joint tort-feasor as a partial contribution toward the full amount of damages owed by both, executes a covenant not to sue him, the cause of action as to the other or others is not released and terminated.

Appellees insist, and the record supports their insistence: that all that occurred here was an agreement for a contribution by Slade and a covenant not to sue him; and that appellant was not released thereby, Moore v. Smith, 78 Ga. App. 49, 50 S.E.2d 219. The language of the instrument itself, the facts attending the agreement and its execution, and especially the colloquies had and actions taken in the court by the parties, affirmatively establish that this is so, and that under the law of Georgia as laid

down in the cases [2] appellee cites, there was no release of the cause of action.

Appellant's final point: that it was entitled to a directed verdict on the ground that no negligence on the part of the driver of its truck was shown; that, if any negligence was shown, the evidence as a whole established as matter of law that it was the negligence of Slade Company which proximately and solely caused the injury; and that the negligence charged to appellant, that the driver of its truck signaled to the plaintiffs that the road was clear and for them to come ahead, could not have been a contributing cause of the injury; is, we think, based upon a conception of the facts which the record does not support and of the law which the cases do not sustain.

In Georgia questions of negligence and comparative negligence and of what constitutes the proximate cause of the injury are ordinarily questions of fact for the jury, and their determination will not be taken from it except in palpably clear, plain and undisputed cases where the facts are established without conflict and as matter of law.[3]

Whatever might be thought of the soundness of the verdicts of the jury, viewed from the standpoint of the preponderance of the evidence and the inferences to be drawn therefrom, there can, we think, be no question of their complete legality. There is positive testimony: that appellees' intestates were riding in the rear of an automobile which was following another automobile and appellant's truck in that order for about three miles prior to the collision; that the car immediately in front of plaintiffs' car passed the truck and this left plaintiffs' automobile immediately behind it; that the driver of plaintiffs' car wanted to pass; and that the driver of appellant's truck gave him a signal to come on by. The evidence shows, indeed we think we might take judicial knowledge of the fact, that it is not unusual for truck drivers to signal following automobiles when the way is clear and it is safe to pass. Appellant's driver, having given that signal and the driver of the car having acted upon it, it was for the jury to say whether its giving was negligence and whether it contributed to the injury. Further, the evidence shows that the car was hit by both Slade's and appellant's trucks, and there was evidence: that appellant's driver not only gave a negligent signal for the plaintiffs to come forward but negligently increased the speed of his own truck after doing so; and that, realizing his error, he later attempted to correct it by pulling ahead so as to allow the automobile which he had put in a place of danger by his signaling to fall in behind. In the generally emergent and dangerous conditions resulting from his negligent act of signaling, it was for the jury to resolve the conflicts and confusions in the testimony created thereby and to draw the correct inference therefrom.

Comparative and not contributory negligence is the rule in Georgia, and, even if appellees' intestates had been guilty of negligence, this would not be a defense. It is sufficient, we think, to say of this assignment of error: that it is without merit; that the rule which controls this case is this, that where there are two defendants and the evidence is sufficient to allow a finding of concurring negligence on the part of both, the judge may not take from the jury the determination of the issue thus presented.

No error appearing, the judgment is affirmed.

**2.** Donaldson v. Carmichael, 102 Ga. 40, 29 S.E. 135; Atlantic Coast Line R. Co. v. Ouzts, 82 Ga.App. 36, 60 S.E.2d 770; Register v. Andris, 83 Ga.App. 632, 64 S.E.2d 196; and Harmon v. Givens, 88 Ga.App. 629, 77 S.E.2d 223.

**3.** Atlantic Coast Line R. Co. v. Key, 5 Cir., 196 F.2d 64; Stanaland v. Atlantic Coast Line R. Co., 5 Cir., 192 F.2d 432; Southern Ry. Co. v. U. S., 5 Cir., 197 F. 2d 922.